SAMUEL BROWN and Others, Appellants, *v.* LOUIS ESCHER and CHARLES KRAMER, Copartners, Doing Business under the Firm Name and Style of ESCHER-KRAMER Co., and " ARTHUR " L. LIPPIN, First Name Fictitious, etc., Respondents.

Supreme Court, Appellate Term, First Department, May 28, 1931.

*Martin Engel* [*Charles S. Scholnicoff* of counsel], for the appellants.

*Rosenblum & Rosenzweig* [*J. M. Cohen* of counsel], for the respondents Escher and Kramer.

*Edward J. Leon*, for the respondent Lippin.

PER CURIAM. It is apparent that the court below set aside the verdict and dismissed the complaint on the ground that the plaintiffs could not bring this action as they were not the sole owners of the property damaged. This was error. The action was for negligence for failure to procure insurance on real property in the State of Connecticut. No policy or binder was ever procured. Therefore, there was no " sole ownership " clause involved herein, and the authorities with respect thereto are not applicable. There was no proof in the record that a standard form of policy must be procured in Connecticut. The New York statute as to standard forms of policies has no application to insurance on real property outside the State, even though the contract be made within the State. In any event, the plaintiffs held the entire legal title. They were proper plaintiffs in an action for damages under such circumstances. Nor was the failure to join the mortgagee as plaintiff fatal considering the nature of the action. Further, no point was made with respect to the non-joinder or misjoinder of parties until the time of the trial, and at the time of the trial the mortgage had been satisfied.

There was ample evidence to support the finding of negligence on the part of the defendant Lippin. A careful reading of the record, however, fails to disclose any sufficient proof to show that Lippin was acting for the codefendants Escher & Kramer in this

transaction. The complaint should have been dismissed as against the latter at the close of plaintiffs' case.

Judgment dismissing complaint and order setting aside the verdict affirmed, with costs, as to defendants Escher and Kramer, and reversed, with costs, as to defendant Lippin and verdict reinstated.

All concur; present, CALLAHAN, FRANKENTHALER and UNTERMYER, JJ.